UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 1:03-CR-91-TAV-SKL-2 |
| ) | |
| OSCAR PAIGE, JR., ) | |
| ) | |
| Defendant. ) | |

# ORDER

Pending before the Court is the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) [Doc. 243]. On October 21, 2004, the defendant was convicted of (1) conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base, or "crack," (2) aiding and abetting possession of more than fifty grams of crack with intent to distribute, and (3) possession of a firearm during and in relation to a drug trafficking offense [Doc. 122]. On February 28, 2005, he was sentenced to life imprisonment on counts one and two, to be served concurrently, and 60 months' imprisonment on count three, to be served consecutively to his sentences for counts one and two [Doc. 149].

On August 3, 2010, Congress passed the Fair Sentencing Act ("FSA"). Pub. L. No. 111-220, 124 Stat. 2372. The FSA lowered the statutory penalties for crack cocaine offenses under 21 U.S.C. § 841.

The defendant seeks a sentence reduction in light of *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals held that the Equal Protection Clause requires application of the FSA's reduced statutory penalties to motions to reduce otherwise-final sentences under 18 U.S.C. § 3582(c), regardless of when a defendant was originally sentenced. 719 F.3d at 490–94. The government petitioned the Court of Appeals for a rehearing en banc.

The Court of Appeals ultimately granted the government's petition, and on December 3, 2013, reversed. The en banc panel held that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect" and that "§ 3582(c)(2) does not provide a vehicle for circumventing that interpretation." — F.3d —, 2013 WL 6231727, at *2 (6th Cir. Dec. 3, 2013). The en banc panel further held that the Constitution does not dictate a different result. *Id.* Accordingly, because *Blewett* no longer supports the defendant's motion for a sentence reduction, his motion for relief on this ground is denied.

Further, to the extent that the defendant moves for a reduction in sentence based upon Amendment 750 to the sentencing guidelines, the Court has already denied such a request—an order that was affirmed by the Sixth Circuit—and the defendant has not presented any argument to contravene the Court's finding that "because Amendment 750 does not lower the career offender Guidelines range applicable to the defendant and because the Court is constrained by the statutory mandatory minimum, the Court lacks jurisdiction to reduce the defendant's sentence" [Doc. 234 p. 6].

2

For the reasons stated herein, the defendant's motion for a sentence reduction [Doc. 243] is hereby **DENIED**.

IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        CHIEF UNITED STATES DISTRICT JUDGE